UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                       Date:  August 14, 2020

Title       Omar Ramirez v. C. Koenig, Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT FAILS TO STATE A COGNIZABLE HABEAS CLAIM, OR, IN THE ALTERNATIVE, BECAUSE IT IS UNTIMELY**

On June 25, 2020, Petitioner Omar Ramirez, a California state prisoner proceeding *pro se*, constructively filed a habeas petition under 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1).  Petitioner contends that his 2010 conviction is invalid due to the trial court's lack of jurisdiction because (1) his criminal complaint lacked a statement of jurisdiction, (*id.* at 6), and (2) facts alleged in the complaint were not within the personal knowledge of the district attorney and were not verified under oath by a private person or informant.

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  The proof of service reflects that Petitioner delivered the Petition to prison authorities for mailing on June 25, 2020, which the Court accepts as the Petition's constructive filing date.  (Petition at 112).  The Court will apply the mailbox rule to all of Petitioner's filings in state and federal court referred to in this Order.  Citations to the Petition will follow the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                    Date:  August 14, 2020

Title   Omar Ramirez v. C. Koenig, Warden

(*Id.* at 7).  However, it appears that the Petition fails to state a cognizable federal habeas claim, and even if it did, the Petition appears untimely.

### **Background Facts**

In 2006, Petitioner and his brother killed Enrique Bermudez, a 72-year old man, in a bar fight.  *See People v. Ramirez*, 2011 WL 5328145, at *1 (Cal. Ct. App. Nov. 7, 2011).  Bermudez had asked them to be more respectful to their stepfather, who had been with them at the bar.  *Id.*  Petitioner and his brother fled to Mexico the next day.  *Id.*  They were eventually extradited and returned to the United States to stand trial.  *Id.*

On May 15, 2020, a jury in the San Bernardino County Superior Court convicted both Petitioner and his brother of one count of first degree murder against Bermudez and one count of assault by means likely to produce great bodily injury against Ruben Ramirez, who tried to intervene during the attack.  (Petition at 1); *see also Ramirez*, 2011 WL 5328145, at *1.  On June 15, 2010, the court sentenced both defendants to prison terms of four years plus 25 years to life.  (Petition at 2); *see also Ramirez*, 2011 WL 5328145, at *1.

On November 7, 2011, the California Court of Appeal remanded the case for a recalculation of custody credits but otherwise affirmed the convictions.  *Id*. at *10.  The California Supreme Court denied Petitioner's and his brother's petitions for review on January 25, 2012 without comment or citation to authority.  *See* California Appellate Courts Case Information website, Cal. Supreme Ct. case no. S198497, at https://appellatecases.courtinfo.ca.gov ("California Case Website").[2]

---

[2] The Court takes judicial notice of information concerning Petitioner's state court proceedings on the California Appellate Courts Case Information website.  *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (a court may take judicial notice of matters of public record); *see also Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                     Date:  August 14, 2020

Title   Omar Ramirez v. C. Koenig, Warden

    Approximately five years later, Petitioner appears to have pursued habeas review in the state courts.  (*See* California Case Website, Cal. Ct. App. 4th Dist. 2d Div., case nos. E068053 (filed April 5, 2017; denied May 4, 2017) & E068682 (filed July 7, 2017; denied August 7, 2017); and Cal. Supreme Ct. case no. S246598 (filed Jan. 18, 2018; denied April 11, 2018)).  The record does not reflect the grounds for relief that Petitioner raised in this round of petitions.

    On August 1, 2018, Plaintiff wrote to the San Bernardino County Superior Court asking for copies of his felony complaint, his amended felony complaint, and his information (collectively, the "charging documents").  (*See* Petition at 94).  The charging documents, which underlie Petitioner's jurisdictional challenges, are attached as exhibits to the Petition.  (*See id.* at 96-98 (information dated June 8, 2009); *id.* at 99-101 (felony complaint dated May 19, 2006); & *id.* at 102-04 (amended felony complaint dated Jan. 30, 2007)).

    On March 9, 2019, Petitioner filed a habeas petition in the San Bernardino County Superior Court challenging the state court's jurisdiction over his criminal trial based on purported procedural improprieties in the charging documents.  (*Id.* at 47, 52 (signature block)).  The court denied the petition in a reasoned decision on May 15, 2019, (*id.* at 42-45), explaining in relevant part,

> The petition fails to state a claim for relief by way of habeas corpus.  First, Petitioner's custodial status is due to his conviction not due to the initial complaint and subsequent arraignment.  Thus, Petitioner may not now challenge the validity of the complaint by way of habeas corpus.

---

(taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                    Date:  August 14, 2020

Title      Omar Ramirez v. C. Koenig, Warden

> Second, "it is incorrect to suppose that power to decide any case rests solely on the averments of the pleading, but, on the contrary, the jurisdiction of a court in no way depends on the sufficiency or insufficiency of pleadings. If, therefore, the pleadings state a case belonging to a general class over which the authority of the court extends, jurisdiction attaches and the lower court has power to hear and determine the issues involved." (*In re Sargen* (1933) 135 Cal. App. 402, 408.)  Instead, the trial court had jurisdiction over any crime committed in whole or in part in California over which California has exercised legislative jurisdiction. (*People v. Simon* (2001) 25 Cal. 4th 1082, 1096.)  This includes all of the charges for which the jury convicted Petitioner.  Thus, the trial court had subject matter jurisdiction over the case against Petitioner.

(*Id.* at 45).

On June 13, 2019, Petitioner filed a habeas petition in the California Court of Appeal raising the same claims.  (*Id.* at 30, 40 (signature block)).  The court denied the petition without comment or citation to authority on August 20, 2019.  (*Id.* at 109). Petitioner filed a habeas petition in the California Supreme Court on October 24, 2019. (*Id.* at 11, 27 (signature block)).  Like the court of appeal, the California Supreme Court denied the petition without comment or citation to authority on February 11, 2020.  (*Id.* at 111).  Petitioner's federal Petition followed on June 25, 2020.

### **The Petition Does Not Appear to Raise a Cognizable Federal Claim**

Petitioner contends that his conviction is invalid because the state court lacked jurisdiction due to two primary procedural errors in the charging documents:  (1) his criminal complaint lacked a statement of jurisdiction, (*id.* at 6), and (2) facts alleged in the complaint were not within the personal knowledge of the district attorney and were not verified under oath by a private person or informant.  (*Id.* at 7).  With respect to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                           Date:  August 14, 2020

Title      Omar Ramirez v. C. Koenig, Warden

first purported error, Petitioner states:  "Nowhere within the complaint is the required jurisdictional statement made in accordance with clearly established law, Federal Rule of Civil Procedure, California Civil Procedure, and local Rules of Court.  The prosecutor has the duty to place all jurisdictional statements upon the record as a necessary requirement of due process of law."  (*Id.* at 6).  With respect to the second purported error, Petitioner argues:  "The District Attorney does not have the ability in law in accordance with the California Penal Code to file his felony complaint (initiating charging documents) before a magistrate or municipal court, as he/she is not a private party [or] informer with first hand knowledge.  Further, there was no affidavit by a private party or informer attached to substantiate the warrant for arrest and felony complaint filed by the District Attorney (*i.e.*, the People)."  (*Id.* at 7).  As such, Petitioner alleges that the charging documents do "not comply with the U.S. Constitution 4, 5 and 14th Amendment [sic], Article 1 § 7 and 13 of the California Constitution and California Penal Codes."  (*Id.*).

     A federal writ of habeas corpus is available to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *see also* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Federal habeas relief is unavailable to correct errors of state law.  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . ."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Dugger v. Adams*, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution.").  Nor may a petitioner "transform a state-law issue into a federal one merely by asserting a violation of due process."  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir 1997); *see also Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                     Date:  August 14, 2020

Title      Omar Ramirez v. C. Koenig, Warden

otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.").

The purported errors giving rise to Petitioner's claims, to the extent that they even are errors, do not appear to arise under federal law.  The attempted reliance on the Federal Rules of Civil Procedure is nonsensical, both because rules of *civil* procedure do not govern *criminal* trials, and because the *Federal* Rules of Civil Procedures do not apply to *state* court proceedings.  *Soper v. Woolf*, 2014 WL 5810517, at *6 (D. Idaho Nov. 7, 2014) ("The Federal Rules of Civil Procedure have no application in a *state* felony criminal case.") (emphasis in original); *cf. Varghese v. Uribe*, 736 F.3d 817, 826 (9th Cir. 2013) (a violation of the Federal Rules of Evidence "cannot support a state prisoner's habeas claim").

Petitioner's conclusory attempt to invoke the federal due process clause appears similarly unavailing.  "The 'sufficiency of an indictment or information is primarily a question of state law.'"  *Tapia v. Tansy*, 926 F.2d 1554, 1560 (10th Cir. 1991) (quoting *Franklin v. White*, 803 F.2d 416, 418 (8th Cir. 1986)).  Accordingly, even if Petitioner's charging documents were somehow deficient under state law, Petitioner has not explained how the alleged pleading errors in the charging documents provide a basis to challenge his post-conviction custody in federal court.  It is generally well accepted that a claim alleging that a trial court lacked jurisdiction due to purported violations of state law is not cognizable on federal habeas review.  *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (contention that state court lacked jurisdiction to impose sentence, "based only on [state] law and actions of [state] officials," must be addressed "only by the [state] courts," as "jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law"); *U.S. ex rel. Roche v. Scully*, 739 F.2d 739, 741 (2d Cir. 1984) ("[N]o federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law.") (internal quotation marks omitted); *Willis v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                     Date:  August 14, 2020

Title     Omar Ramirez v. C. Koenig, Warden

with jurisdiction under state law is a function of the state courts, not the federal judiciary."); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.1991) (noting the issue without deciding it, stating, "[w]e are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law"). Once a state court finds, as the San Bernardino County Superior Court did here, that it has jurisdiction, that determination is binding in federal court. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (a state court's determination of its jurisdiction is a matter of state law not reviewable by a federal habeas court); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996), cert. denied, 519 U.S. 892 (1996) (state court's jurisdictional ruling "conclusively establishes" jurisdiction issue for federal habeas review); *Byron v. Superior Court of California*, 2014 WL 5514133, at *4-*5 (E.D. Cal. Oct. 31, 2014) (allegation that the trial court lacked jurisdiction because the prosecution did not file a verified complaint did not state a federal due process claim).

In fact, the "rules" that Petitioner invokes -- that a state trial court is somehow automatically divested of jurisdiction if the criminal complaint does not affirmatively state that the court has jurisdiction, or that a state district attorney cannot file a criminal complaint unless he has personal knowledge of the facts or includes an affidavit from a witness or informant -- appear to have no basis under state law as well. Petitioner cites no *specific* case or statute establishing these alleged requirements. That omission is not surprising because, as the San Bernardino County Superior Court noted, under state law, a superior court's jurisdiction in a criminal case does not in any way depend on the sufficiency or insufficiency of pleadings. (Petition at 45). Instead, a California superior court has "jurisdiction over any crime committed in whole or in part in California over which California has exercised legislative jurisdiction," which includes murder and assault, the crimes for which Petitioner was convicted. (*Id.*) (citing *Simon*, 25 Cal. 4th at 1096). Accordingly, the court unambiguously found that it had jurisdiction over Petitioner's criminal trial under state law simply because he was charged with murder and assault, and this finding appears binding on this Court. (Petition at 45); *see also In re*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                        Date:  August 14, 2020

Title        Omar Ramirez v. C. Koenig, Warden

*Harris*, 5 Cal. 4th 813, 837 (1993), as modified (Sept. 30, 1993) ("Because petitioner was charged with a felony, the superior court had subject matter jurisdiction.").

Accordingly, Petitioner's challenge to the jurisdiction of the state court does not appear to state a cognizable federal habeas claim.  In response to this Order, Petitioner must identify any *specific* authority establishing that the rules he claims were violated actually exist, and explain why the violation of these rules constitutes a violation of federal constitutional rights.

## The Petition Appears to Be Untimely

Even if the Petition stated a cognizable habeas claim, it appears to be untimely. Although Petitioner contended in his state court petitions that a challenge to a court's jurisdiction may be raised at any time, (*see, e.g.,* Petition at 16), as discussed above, a state court's jurisdiction is a matter of state law.  Petitioner provides no authority that would permit a federal court to find that a state court, acting under state law, lacked jurisdiction, much less that a challenge to a state court's jurisdiction in a criminal case may be raised in federal court at any time, irrespective of any applicable statute of limitation.

This case is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus."  *Wall v. Kholi*, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1).  Specifically, state prisoners must file their habeas petitions within one year of the latest of the following dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                    Date:  August 14, 2020

Title   Omar Ramirez v. C. Koenig, Warden

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period that governs this case is set forth in 28 U.S.C. § 2244(d)(1)(A).  The charging documents on which Petitioner bases his claims were presumptively known to him before trial, and even if they were not, Petitioner could plainly have discovered them long before 2018, when he wrote to the superior court seeking copies of them.  There does not appear to have been any "state impediment" preventing Petitioner from filing his Petition.  Furthermore, Petitioner does not rely on a newly recognized constitutional right made retroactively applicable to cases on collateral review.  Accordingly, none of the later triggering dates under subsections (B) through (D) appear to apply.

      Therefore, the AEDPA statute of limitations in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  There is no evidence that Petitioner appealed to the United States Supreme Court on direct review.  Accordingly, Petitioner's conviction became "final" ninety days after the California Supreme Court denied his petition for review.  *See Bowen v. Roe*, 188 F.3d 1157, 1159

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                         Date:  August 14, 2020

Title    Omar Ramirez v. C. Koenig, Warden

(9th Cir. 1999) ("We hold that the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

The California Supreme Court denied Petitioner's petition review on January 25, 2012.  *See* California Case Website, Cal. Supreme Ct. case no. S198497.  Petitioner's state conviction became "final" 90 days later, *i.e.*, on April 24, 2012, and his limitations clock began to tick.  *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).  Therefore, Petitioner had one year, until April 24, 2013, in which to file a timely federal habeas petition, absent statutory or equitable tolling.  Petitioner did not constructively file the instant Petition until June 25, 2020, more than seven years after the limitations period expired. Accordingly, absent sufficient tolling, the Petition appears to be untimely.

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)).  An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220 (2002); *see also Welsh v. Carey*, 350 F.3d 1079, 1082–83 (9th Cir. 2003).  When a state petition is untimely under state law, it is not "properly filed" and AEDPA's statute of limitations is not tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  Furthermore, state habeas petitions filed after the AEDPA limitations period has expired do not reinitiate the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                    Date:  August 14, 2020

Title      Omar Ramirez v. C. Koenig, Warden

      Here, even assuming that Petitioner filed a habeas petition in the superior court before filing his first round of petitions in the California Court of Appeal in 2017, Petitioner does not appear to have begun to seek collateral relief until long after the AEDPA limitations period expired on April 24, 2013.  Because Petitioner did not seek collateral review in state court before the expiration of the AEDPA statute of limitations, it does not appear that Petitioner is entitled to statutory tolling.  If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this order should identify any errors in the foregoing analysis and provide any additional facts that demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

      A habeas petitioner may also be entitled to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Holland*, 560 U.S. at 649.  "The petitioner must show that 'extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter*, 620 F.3d at 959 (citation omitted).  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (brackets in original; citation omitted); *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

      The Petition does not reveal any argument for equitable tolling.  If Petitioner wishes to contend that he is entitled to equitable tolling, he must show in his response to this order that he diligently attempted to file his federal petition but that it was impossible for him to do so for reasons outside of his control.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-1348 RSWL (PVC)                    Date:  August 14, 2020

Title          Omar Ramirez v. C. Koenig, Warden

### Conclusion and Order

The Petition's claims challenging the state court's jurisdiction to try Petitioner's criminal case do not appear to state a cognizable federal habeas claim.  Furthermore, based upon the Petition as currently submitted, AEDPA's statute of limitations appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed because it does not state a cognizable claim, and, in the alternative, because it is untimely.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |